# SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into as of the Effective Date, defined below, between Kimberly H. Sooklal-Bachan ("Plaintiff"), on the one hand, and Kings Nissan, Inc. ("Kings Nissan"), Kings Infiniti, Inc. ("Kings Infinity"), Salvatore Trantino, Alex Trantino, and Enrico Trantino (collectively, "Defendants") on the other hand. Plaintiff and Defendants are collectively referred to as the "Parties" and individually as a "Party."

## W I T N E S S E T H:

**WHEREAS,** Plaintiff commenced an action against Defendants in the United States District Court for the Eastern District of New York, captioned *Kimberly H. Sooklal-Bachan v. Kings Nissan, Inc.*, *et al.*, and bearing Civil Action No. 18 Civ. 35653 (MKB)(RML), raising certain allegations against Defendants regarding her employment with Defendants and asserting claims under, *inter alia*, the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL") (hereinafter, the "Action");

**WHEREAS,** Defendants have denied and continue to deny the allegations made against them in the Action or that they engaged in any other wrongful conduct against Plaintiff; and

**WHEREAS,** the Parties have agreed to resolve this matter solely to avoid the burdens, uncertainty, and cost of protracted litigation, and the execution of this Agreement shall not be construed as an admission of liability of any nature by Defendants, and in fact it is understood that Defendants have expressly disclaimed liability; and

**WHEREAS,** the Parties acknowledge that *bona fide* disputes and controversies exist between them, both as to liability and the amount thereof, if any, and by reason of such disputes and controversies they desire to compromise and have agreed to resolve amicably and settle fully, finally, and in a confidential manner all of their past, present, and any future claims, disputes, and potential disputes that existed or may exist, including but not limited to those relating to the subject matter of the disputes, arising out of or related to Plaintiff's allegations in the Action, pursuant to the terms and conditions of this Agreement;

**NOW, THEREFORE,** in consideration of the above recitals and mutual releases, promises, rights, covenants, and obligations contained in this Agreement, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties, having been represented by counsel and intending to be legally bound, and having independently concluded that it is in their respective best interests to do so, agree as follows:

(The foregoing "Whereas" clauses are true and correct and incorporated by reference as part of this Agreement.)

1. **Settlement Payment.**

    a.      Defendants, shall pay Plaintiff a total sum of Twenty Thousand dollars and Zero cents ($20,000.00) (the "Settlement Payment" or the "Payment") within twenty-one (21) days following the date on which the Court in the Action enters an Order approving this Agreement, provided that:

Case 1:18-cv-03565-RML   Document 24-1   Filed 04/19/19   Page 2 of 9 PageID #: 136
Case 1:18-cv-03565-RML   Document 21-1   Filed 04/03/19   Page 2 of 9 PageID #: 121

(a) this Agreement and the Stipulation of Dismissal With Prejudice attached hereto ("Stipulation") are fully executed by the Parties; (b) the Court approves this Agreement and the settlement terms as stated herein; and (c) the Stipulation is So-Ordered by the Court.  Defendants shall be jointly and severally liable to Plaintiff for the Settlement Payment.

     b.     Subject to the conditions set forth in Section 1.a. above, the Payment will be delivered to Jones, Wolf & Kapasi, LLC, in the form of three (3) checks as follows:

     i.     The first check will be in the gross amount of Eight Thousand ~~Forty~~ sixty-Six Dollars and ~~Seven~~ sixty Cents (~~$8,046.07~~ $8,066.67), less any and all applicable taxes and withholdings, made payable to "Kimberly H. Sooklal-Bachan" which shall represent payment of alleged wage damages, and shall be issued and reported on an IRS Form W-2.

     ii.     The second check will be in the gross amount of Five Thousand Dollars ($5,000.00), made payable to "Kimberly H. Sooklal-Bachan", which shall represent payment of alleged damages, for failure to provide proper time of hire notices.

     iii.     The third check will be in the amount of Six Thousand Nine Hundred and ~~Fifty~~ thirty-Three Dollars and ~~Ninety~~ thirty-Three Cents (~~$6,953.93~~ $6,933.33), made payable to "Jones, Wolf & Kapasi, LLC", Plaintiff's attorneys, as and for attorneys' fees and costs.

     c.     It is the intent and desire of Plaintiff that the portion of the Payment described in Section 1.b.i. of this Agreement shall constitute the payment of wages and will, therefore, be subject to all applicable federal, state, and local tax withholdings in accordance with the most recent IRS Form W-4 executed by the Plaintiff and on file with Defendants. Defendants shall issue an IRS Form W-2 to Plaintiff with respect to this portion of the Payment.

     d.     It is the intent and desire of Plaintiff that the portions of the Payment referred to in Section 1.b.ii is to be treated as 1099 income (for attorneys' fees and costs), not wages, under the Internal Revenue Code and any state or local applicable law or regulation. Jones, Wolf & Kapasi, LLC and Plaintiff shall provide Defendants with fully executed IRS form W-9s as a pre-condition to the issuance of this check.

     e.     Plaintiff represents that no tax advice has been given to her by Defendants or Defendants' representatives and Plaintiff understands that Defendants make no representation or guarantee as to the tax consequences of these payments. Plaintiff hereby agrees to indemnify and hold harmless Defendants in connection with any tax liabilities and/or interest, penalties, fees, legal fees, or costs that may be incurred related to the Payment or any failure by Plaintiff to properly report the Payment. Plaintiff further agrees to indemnify and hold Defendants harmless for any costs, including attorneys' fees, associated with the enforcement of this indemnification provision, should such enforcement measures become necessary.

     f.     The Parties shall promptly notify each other of any claim by the IRS or any other governmental authority arising under this Paragraph 1.

     g.     The Parties acknowledge and agree that the Payment is made in satisfaction of all claims that were or could have been asserted by Plaintiff under any Federal, state or local law,

including but not limited to the FLSA and the NYLL, and to any and all attorneys' fees, costs, expenses, liquidated damages, interest, and administrative costs. Plaintiff agrees that she has no future entitlement to any compensation, wages, tips, gratuities, overtime, salary, bonus, commissions, payouts, severance pay, vacation pay or benefits, damages, attorneys' fees or costs other than have been asserted herein and that Plaintiff shall not bring or participate in any subsequent action to the contrary. The Parties further acknowledge and agree that the Payment and the obligations set forth in Section 1 of this Agreement shall constitute full and final settlement of all past, present, and future claims arising out of Plaintiff's employment with Defendants including, but not limited to all wage and hour claims and causes of action by Plaintiff against Defendants will be forever settled in their entireties.

      h.      In the event the Court does not So-Order or otherwise approve this Agreement, the Parties agree that this Agreement shall be null and void, and any and all obligations under this Settlement Agreement shall no longer exist or be binding on any Party. Notwithstanding the same, the Parties may jointly agree to seek reconsideration or appellate review of the decision denying entry of Judgment; or the Parties may jointly agree to attempt to renegotiate the settlement and seek Court approval of the renegotiated settlement.

2. **Release.**

      a.      It is the intention of each of the Parties that this Agreement shall be the full and final accord and satisfaction and release of any and all dealings and accounts of any kind or nature between the Parties relating to all or any manner of actions, causes, charges, suits, debts, obligations, damages, complaints, liabilities, losses, covenants, contracts, controversies, agreements, promises, and expenses (including but not limited to attorneys' fees and costs), executions, claims, and demands of any kind whatsoever, at law or in equity, known or unknown, suspected or unsuspected, which were or could have been alleged pursuant to federal, state, or local law including, but not limited to the FLSA and NYLL, that either Party has ever had, now has, or which either Party may in the future have including any matter arising out of Plaintiff's employment by Defendants, the cessation of that employment, and/or the negotiation and/or execution of this Agreement.

      b.      Each Party does hereby for itself and for each and all of its agents and successors in interest, irrevocably and unconditionally release and forever discharge, to the maximum extent permitted by law, the other Party and their agents, predecessors, successors in interest, representatives, assigns, attorneys, agents, executors, insurers, reinsurers, business managers, accountants, directors, officers and trustees in their individual and representative capacities, and all persons acting by, through, and under, or in concert with any of these ("Releasees"), of and from any and all actions, causes, charges, suits, debts, obligations, damages, expenses (including but not limited to attorneys' fees and costs), executions, and demands of any kind and nature whatsoever, at law or in equity, whether now known or unknown, suspected or unsuspected, which were or could have been alleged pursuant to federal, state or local law including, but not limited to, the FLSA and NYLL, that the Parties ever had, now have, or may in the future have, arising under any theory, whether common law or statutory, including, but not limited to matters arising out of Plaintiff's employment by Defendants, the cessation of that employment, and/or the negotiation and/or execution of this Agreement.

3

c.  Notwithstanding anything else set forth herein, nothing herein shall be deemed a waiver of: (i) claims for breach of this Agreement; (ii) claims that may arise based upon events occurring after the Effective Date; or (iii) claims that cannot be waived as a matter of law.  In the event Defendants fail to make the Settlement Payment when same is due and owing, Plaintiff may seek to enforce the terms of this Agreement and shall be entitled to all fees and costs (including reasonable attorneys' fees) if she is the prevailing party.

d.  The Parties acknowledge that they may discover facts or law different from, or in addition to, the facts or law they know or believe to exist with respect to a released claim. Each Party, respectively, agrees, nonetheless, that this Agreement and the releases contained in it shall be and remain effective in all respects notwithstanding such different or additional facts or law. Each Party, respectively, further acknowledges and understands that it is releasing claims that it may not know about, and that is its intent.  Each Party, respectively, expressly waives all rights it may have under any laws that are intended to prevent unknown claims from being released and acknowledges that it understands the significance of doing so.

e.  Plaintiff acknowledges and agrees that she has not suffered any workplace injury that has not already been reported to and/or addressed by Defendants.

f.  If any legal proceeding, whether individual or class action, is instituted in court or a federal, state, or local administrative agency, including but not limited to any proceeding conducted by either the federal or state Departments of Labor (collectively referred to herein as "Proceeding"), Plaintiff waives all relief available to her (including, without limitation, monetary damages, equitable relief, and reinstatement) under any of the claims and/or causes of action waived in Section 2 of this Agreement. Therefore, Plaintiff agrees that she will not accept any award or settlement from any source or Proceeding (including but not limited to any Proceeding brought by any other person or by any government agency) with respect to any claim or right waived in this Agreement. If any such Proceeding is currently in process, Plaintiff agrees that she will, to the extent of her ability, seek to have it closed with prejudice.

g.  Plaintiff further agrees that neither she nor any person acting by, through, under, or in concert with her will initiate, ~~encourage~~, assist, or participate in any Proceeding, ~~including but not limited to providing any information to a person bringing a Proceeding~~ against Defendants their agents, predecessors, successors in interest, representatives, assigns, attorneys, agents, executors, insurers, reinsurers, business managers, accountants, directors, officers and trustees in their individual and representative capacities, and all persons acting by, through, and under, or in concert with any of these ("Defendant Releasees") or to any third-party on behalf of that person, unless lawfully subpoenaed or otherwise ordered to do so by a court of law or administrative agency in connection with any investigation it is conducting or as otherwise required by applicable law. Should Plaintiff and/or any person acting by, through, under, or in concert with her be subpoenaed or subjected to court order to attend to testify, she shall notify Defendants within seventy-two (72) hours (unless compliance with the subpoena or court order is demanded in less than seventy-two (72) hours, in which case notification shall occur within twenty-four (24) hours) by sending a copy of the subpoena or court order *via* email to the attention of Enrico Trantino, Executive Manager, Kings Infiniti, Inc., rtrantino@kingsinfiniti.com or to his successor, and marked in the subject line with "Confidential and Time-Sensitive – Please Open Immediately," so compliance or objection to same can be directed or raised by Defendants. This is the contact information to be used for all

4

notices to Defendants under this Agreement.

3. **No Admissions.** Plaintiff acknowledges and agrees that Defendants have entered into this Agreement solely for the purpose of avoiding the burden, uncertainty, and cost of protracted proceedings and/or litigation. Further, neither this Agreement nor the furnishing of consideration for the general release intended shall be construed as an admission that Defendants or any Defendant Releasee has violated any federal, state, or local law (statutory or decisional), ordinance, or regulation, or that Defendants or any Defendant Releasee has committed any wrong against Plaintiff.

4. **Acknowledgements and Affirmations.** Plaintiff acknowledges and affirms that she is receiving consideration under this Agreement which represents a fair settlement of her claims that she has asserted pay under the FLSA, the NYLL, and/or under any other law, regulation, or basis and affirms that there is a *bona fide* dispute as to such claims which are being settled and released by this Agreement. Plaintiff believes and acknowledges that this settlement is fair and reasonable and authorizes her attorneys to seek approval of this Settlement Agreement from the Court as fair and reasonable. Plaintiff acknowledges that she has been advised to consult with an attorney before signing this Agreement, and that she was represented by counsel of her own choosing, Jones, Wolf & Kapasi, LLC, throughout the negotiation and the execution of the Settlement Agreement. Plaintiff further represents that she had sufficient opportunity to consider this Settlement Agreement; that she read this Settlement Agreement fully and carefully and understands its terms; and she is signing it knowingly and voluntarily. Plaintiff understands and agrees that she would not receive the Payment specified in Paragraph 1 above, except for her execution of this Settlement Agreement, the Court So-Ordering this Settlement Agreement, and the discontinuance of the Action with Prejudice.

5. **Entire Agreement.** This Agreement represents the complete and full agreement of the Parties and fully supersedes any and all prior agreements or understandings between the Parties hereto pertaining to the subject matter hereof. Plaintiff represents and acknowledges that in executing this Agreement, she does not rely upon any representation or statement made by Defendants or their representatives with regard to the subject matter, basis, or effect of this Agreement other than those contained herein. This Agreement may not be changed in any respect, except by a writing, duly executed by the Parties or authorized representatives of the Parties.

6. **Capability to Waive Claims.** Plaintiff is competent to affect a knowing and voluntary release and waiver of all claims as is contained herein, and hereby does so waive all such claims, and to enter into this Agreement and is not affected or impaired by use of alcohol, drugs, or other substances or otherwise impaired. Plaintiff is not a party to any bankruptcy, lien, creditor-debtor, or other proceeding that could impair the right to settle all claims against Defendants or to waive all claims that Plaintiff may have against Defendants as waived and released herein.

7. **No Waiver.** Failure to insist on compliance with any term, covenant, or condition contained in this Agreement shall not be deemed a waiver of that term, covenant, or condition, nor shall any waiver or relinquishment of any right or power at any other time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

8. **Severability.**

    a.  The provisions of this Agreement shall be deemed separate and severable. Should any

5

provision or portion of the Agreement be held invalid or unenforceable, the affected provision shall be modified to the extent necessary to make it legal, valid, and enforceable. If it cannot be so modified, it shall be severed from the Agreement, and the remainder of this Agreement shall remain unaffected and continue in full force and effect, which then shall be interpreted to bar any and all claims Plaintiff may have against Defendants.

      b.     If the release of claims contained in Section 2 of this Agreement is limited or held to be null and void, then: (i) this Agreement shall be interpreted or modified to bar any claim that Plaintiff may assert, or if not so interpreted and/or modified, (ii) Plaintiff shall execute an enforceable general and unlimited release of all claims. If, however, neither Section 8.b.(i) nor Section 8.b.(ii) can be accomplished, as a matter of law, then Plaintiff shall return, upon demand by Defendants, the Payment, or if its return is not permitted by law or not demanded by Defendants, such amount shall be a set-off against any recovery.

    9. **Jointly Drafted Agreement**. This Agreement shall be deemed to have been jointly drafted by all Parties, and no provision herein shall be interpreted or construed for or against any Party because such Party drafted or requested such provision or this Agreement as a whole.

    10. **Applicable Law, Jurisdiction, and Venue**. The interpretation and application of the terms of this Agreement shall be governed by the laws of the State of New York, excluding its conflicts of law provisions that would result in the application of the laws of any jurisdiction other than New York. The Parties submit to and recognize the exclusive jurisdiction and proper venue of the courts of the State of New York, County of New York, over any action or other proceeding arising out of or in connection with this Agreement, or over the terms of any continuing obligation to the Parties and/or Releasees. To the extent permitted by applicable law, the Parties waive and agree not to assert, by way of motion, as a defense, or otherwise, that the suit, action, or proceeding is brought in an inconvenient forum, that the venue of the suit, action, or proceeding is improper, or that this Agreement may not be enforced in or by such courts.

    11. **No Assignment of Claims**. The Parties represent and warrants that they have not assigned or hypothecated any claims herein released in any manner to any person or other entity, in any manner, directly or indirectly. Plaintiff is not aware of any liens and/or pending legal claims applicable to the Payment. Plaintiff also agrees that she will be solely responsible to satisfy any liens or pending legal claims asserted against Plaintiff, Defendants or Releasees as against the Payment.

    12. **Counterpart Signatures.** This Agreement may be signed in counterparts, provided that each Party receives a copy fully signed by the other Party. Electronic signatures such as fax or .pdf or .tiff files shall be given the same force and weight as if they were original signatures.

    13. **Effective Date.** This Agreement shall become effective as of the date of the Order of the Court approving this Agreement or as of the date the Court So-Orders the Stipulation, whichever is later, without need of any further action by any Party or the Court.

**THIS AGREEMENT INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS AGAINST THE PARTIES AND RELEASEES AND ALL RELEASEES WHO ARE NOT PARTIES TO THIS AGREEMENT ARE AND SHALL BE THIRD-PARTY BENEFICIARIES OF THIS RELEASE AND SETTLEMENT AGREEMENT.**

**THE PARTIES ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT; THAT THIS AGREEMENT HAS BEEN FULLY EXPLAINED TO THEM BY COUNSEL OF THEIR CHOICE; THAT THEY FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT; THAT THE ONLY PROMISES MADE IN EXCHANGE FOR SIGNING THIS AGREEMENT ARE THOSE STATED ABOVE; AND, THAT THEY ARE SIGNING THIS AGREEMENT VOLUNTARILY IN ORDER TO FINALLY, COMPLETELY, AND CONCLUSIVELY SETTLE ALL MATTERS THAT WERE OR COULD HAVE BEEN RAISED UNDER FEDERAL, STATE OR LOCAL LAW, INCLUDING, BUT NOT LIMITED TO THE FLSA OR NYLL. THE PARTIES AGREES TO WAIVE AND RELEASE ANY CLAIM THAT THIS AGREEMENT WAS PROCURED BY OR THAT THEY WERE INDUCED TO ENTER INTO THIS AGREEMENT BY FRAUD, DURESS, MISUNDERSTANDING, OR COERCION AND FURTHER WAIVE AND RELEASE ANY CLAIM FOR FRAUD IN THE INDUCEMENT OR ANY SIMILAR CLAIM.**

**KIMBERLY H. SOOKLAL-BACHAN**

By: *Kimberly Bachan*
    Kimberly H. Sooklal-Bachan

Date: 3/25/2019

**KINGS NISSAN, INC.**

By: _____
    _____

Date: _____

**KINGS INFINITI, INC.**

By: _____
    _____

Date: _____

**SALVATORE TRANTINO**

By: _____
    Salvatore Trantino

Date: _____

7

**THE PARTIES ACKNOWLEDGE THAT THEY HAVE CAREFULLY READ THIS AGREEMENT; THAT THIS AGREEMENT HAS BEEN FULLY EXPLAINED TO THEM BY COUNSEL OF THEIR CHOICE; THAT THEY FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT; THAT THE ONLY PROMISES MADE IN EXCHANGE FOR SIGNING THIS AGREEMENT ARE THOSE STATED ABOVE; AND, THAT THEY ARE SIGNING THIS AGREEMENT VOLUNTARILY IN ORDER TO FINALLY, COMPLETELY, AND CONCLUSIVELY SETTLE ALL MATTERS THAT WERE OR COULD HAVE BEEN RAISED UNDER FEDERAL, STATE OR LOCAL LAW, INCLUDING, BUT NOT LIMITED TO THE FLSA OR NYLL. THE PARTIES AGREES TO WAIVE AND RELEASE ANY CLAIM THAT THIS AGREEMENT WAS PROCURED BY OR THAT THEY WERE INDUCED TO ENTER INTO THIS AGREEMENT BY FRAUD, DURESS, MISUNDERSTANDING, OR COERCION AND FURTHER WAIVE AND RELEASE ANY CLAIM FOR FRAUD IN THE INDUCEMENT OR ANY SIMILAR CLAIM.**

**KIMBERLY H. SOOKLAL-BACHAN**

By: _____
Kimberly H. Sooklal-Bachan

Date: _____

**KINGS NISSAN, INC.**

By: *[signature: Enrico Trantino]*
_____

Date: 3-26-19

**KINGS INFINITI, INC.**

By: *[signature: Enrico Trantino]*
_____

Date: 3-26-19

**SALVATORE TRANTINO**

By: *[signature: Salvatore Trantino]*
Salvatore Trantino

Date: 3-26-19

7

**ALEX TRANTINO**

By: /s/ Alex Trantino
    Alex Trantino

Date: 3-26-19

**ENRICO TRANTINO**

By: /s/ Enrico Trantino
    Enrico Trantino

Date: 3-26-19